**EXHIBIT B**

Filed: 11/5/2020 2:41 PM
Lynne Finley
District Clerk
Collin County, Texas
By Claudia Gomez Deputy
Envelope ID: 47851143

CAUSE NO. 471-05870-2020

| | | |
|---|---|---|
| FAITH MUOKA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | COLLIN COUNTY, TEXAS |
| v. | § | |
| | § | |
| OXFORD GRAND MCKINNEY, LLC. | § | ____TH JUDICIAL DISTRICT |
| & OXFORD SENIOR LIVING | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Faith Muoka ("Plaintiff" or "Muoka") brings this action against Defendants Oxford Grand McKinney, LLC. ("OGM") and Oxford Senior Living ("OSL"), for violating the laws of the State of Texas and The United States of America, and alleges the following:

### I. INTRODUCTION

1.      This action seeks equitable relief, compensatory and punitive damages, emotional damages, front and back pay, attorney's fees and costs, expert witness fees, costs of court, pre-judgment and post-judgment interest for violations of Texas Labor Code, Chapter 21 for discrimination and harassment based on disability as well as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, paragraph 703(a), and by the American with Disabilities Act justifying an award inter alia, of compensatory and punitive damages against WTW.

2.      Plaintiff demands a jury on all issues triable to a jury.

### II. PARTIES, JURISDICTION, AND VENUE

3.      Faith Muoka ("Muoka") is an adult citizen of the Texas, residing in Anna, Texas.

4. Defendant, Oxford Grand McKinney, LLC ("OGM") is a limited liability company headquartered in McKinney, TX and employing individuals and doing business in Collin County, Texas at 2851 Orchid Dr., McKinney, TX 75072. OGM can be served by and through its registered agent, KS Oxford Management Group, LLC, 16800 Westgrove Dr., Suite 100, Addison, TX 75001.

5. Defendant, Oxford Senior Living ("OSL") is a corporation headquartered in Witchita, Kansas but doing business in Texas and employing individuals in Texas, particularly Collin County, Texas. OSL can be served at its corporate headquarters located at 125 N. Market St., Suite 1230, Wichita, KS 67202-1712.

6. The Court has jurisdiction to hear the merits of Plaintiff's claims under Chapter 21 of the Texas Labor Code as well as under the federal Americans with Disabilities Act as well as Title VII as amended by the Pregnancy Discrimination Act.

7. Venue is proper as to Plaintiff's claims because the unlawful employment practices described herein were committed in the State of Texas. Furthermore, venue is proper as to Plaintiff's claims as the events giving rise to Plaintiff's claims occurred substantially in Collin County, Texas.

8. At all times relevant to this matter, Defendants employed more than fifteen (15) employees.

9. The amount in controversy is more than $200,000.00 but less than $1,000,000.00.

### III. CONDITIONS PRECEDENT

10. All conditions precedent to filing this cause of action have been met.

11. Plaintiff submitted a charge to the Texas Workforce Commission Civil Rights Division. On or about September 15, 2020, Plaintiff received a right to sue letter from the Texas

**PLAINTIFF'S ORIGINAL PETITION**                                                                                                          2

Workforce Commission. Plaintiff has filed this lawsuit within the requisite sixty (60) days from the date of the right to sue letter.

## IV.   FACTS

12. At all times relevant to this case, Plaintiff was an employee of Defendants.

13. At all times relevant to this case, Defendants were employers of Plaintiff as defined in the Texas Labor Code, American with Disabilities Act, and Title VII as amended by the Pregnancy Discrimination Act.

14. On or about November 2017, Ms. Faith Muoka ("Muoka") was hired by Defendants to serve as an LVN Charge Nurse working approximately thirty-two (32) hours per week.

15. During her employment, Ms. Muoka was an excellent employee and was never written up, never put on performance improvement plan and never otherwise disciplined or told she was inadequate at her job in any manner.

16. On or about February 2018, Ms. Muoka learned that she was pregnant.

17. On or about August 2018, Ms. Muoka informed her employer that she was pregnant.

18. On or about September 9, 2018, Defendants terminated Ms. Muoka due to her pregnancy but was told that they no longer needed nurses.

19. After informing her employer, namely Christine Turner, the Director of Nursing about her pregnancy, she was asked about Maternity Leave several times.

20. In response to Muoka's report of pregnancy, Defendants began avoiding and ostracizing her on the job as well as excluding her from receiving and taking report at the start

and end of each shift. Ms. Muoka was also subjected to several comments about her pregnancy which were unwelcome by her.

21. Ms. Muoka was terminated from her job due to her pregnancy and need for temporary time off around the time of the birth of her child.

22. Plaintiff suffered significant damages as a result of Defendant's termination in violation of the ADA, TCHRA and Title VII as amended by the Pregnancy Discrimination Act.

## V. CAUSES OF ACTION

### COUNT ONE: DISABILITY DISCRIMINATION

23. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if full stated herein.

24. At all times relevant to this case, Plaintiff was a qualified individual with a disability as that term is defined under the Chapter 21 of the Texas Labor Code and the American with Disabilities Act and was capable of performing the essential functions of his employment with Defendant with accommodation.

25. Plaintiff was also regarded as being disabled under the ADA by Defendants.

26. Defendants were aware of Plaintiff's disabilities and regarded Plaintiff as having disabling conditions.

27. Defendants failed to engage in the interactive process with Plaintiff and instead simply treated her differently based on her disability and eventually terminated her due to Plaintiff's disability.

28. Defendants then terminated Plaintiff claiming that they were no longer needing nurses.

29. Plaintiff seeks actual, compensatory, punitive damages as well as attorney's fees and court costs along with pre-judgment and post-judgment interest.

**COUNT TWO: SEX DISCRIMINATION/PREGNANCY DISCRIMINATION**

30. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

31. Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination.

32. Defendants discriminated against Plaintiff because of her pregnancy and sex by, inter alia, ostracizing and ignoring Plaintiff on the job, refusing to allow her to participate in report before and after each shift, making comments about her pregnancy, continuously asking about her pregnancy leave on the job, and ultimately terminating her.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

34. In engaging in the conduct alleged herein, Defendants acted oppressively, maliciously, fraudulently, and/or outrageously toward Plaintiff, with conscious disregard for her known rights and with the intention of cause, and /or willfully disregarding the probability of cause, unjust and cruel hardship to Plaintiff. In so acting, Defendants intended to and did vex, injure and annoy Plaintiff. Therefore, an assessment of punitive damages should be made

against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

35. Finally, Plaintiff is entitled to costs and reasonably attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

## VI. DAMAGES

36. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

37. Defendants' violations of Chapter 21 of the Texas Labor Code, the American with Disabilities Act and Title VII as amended by the Pregnancy Discrimination Act gives rise to the following damages: back pay, reinstatement, or if reinstatement is deemed not feasible, compensation for lost future pay or front pay; benefits in the past and the future, liquidated damages; costs; expert witness fees; attorneys' fees; mental anguish; emotional distress in the past and future; compensatory damages; and pre- and post-judgment interest as allowed by law.

38. Additionally, since Defendants' actions were committed maliciously, willfully, and/or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

## VII. JURY DEMAND

39. Plaintiffs respectfully request a trial by jury.

## VIII. PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

a. Declaration that Defendants violated Plaintiff's rights under Chapter 21 of the Texas Labor Code and/or the American with Disabilities Act;

b. Actual and compensatory damages for the period of time provided by law, including appropriate back pay, front pay and reimbursement (past and future) for lost pension, insurance and all other benefits;

c. Reinstatement, or front pay, including benefits, in lieu of reinstatement;

d. Compensatory damages as allowed by law

e. Punitive damages as allowed by law;

f. Liquidated damages;

g. Reasonable attorneys' fees, costs and expenses of this action

h. Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

i. Emotional distress and mental anguish;

j. Pre-judgment and post-judgment interest as allowed by law;

k. Costs of court and other costs of prosecuting Plaintiff's claim; and

l. Such other and further relief as may be allowed by law.

DATED: November 5, 2020                    RESPECTFULLY SUBMITTED,

**THE BHATTI LAW FIRM, PLLC**

/s/Vincent Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road
Suite 550
Dallas, Texas 75254
(214) 253-2533 (Telephone)

(214) 279-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
*Attorneys for Plaintiff*

**PLAINTIFF'S ORIGINAL PETITION**  8